UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5185 PA (MAAx) | Date | August 4, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants J.B. Hunt Transport Services, Inc. and J.B. Hunt Transport, Inc. ("Defendants"). (Removal, Docket No. 1.) The Removal alleges the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5185 PA (MAAx) | Date | August 4, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

In the Notice of Removal, Defendants allege that the amount in controversy exceeds $5,000,000. (Removal at 4-5.) Defendants calculate the amount in controversy relying solely upon Plaintiff's rest break and minimum wage allegations. According to the Complaint, "Defendants [] failed to compensate Plaintiff and Class Members, each and every day, at least minimum wage for their lawfully required rest breaks." (Complaint ¶ 30, Docket No. 1-1.) The Complaint also seeks liquidated damages equal to the amount of unpaid wages. (Id. ¶ 53.) Assuming a five-day workweek and at least one uncompensated 10-minute rest break per day, Defendant alleges at least 0.833 hours of unpaid rest breaks per week for each driver. (Removal at 4.) Taking into consideration the number of weeks Defendants' drivers worked, Defendant believes at least $14,439,566 is in controversy from those allegations. (Id. at 4-5.)

Upon initial review, Defendants' Notice of Removal appears to be deficient because it contains unsupported assumptions. Defendants do not present facts to support the assumed violation rate used in Defendants' calculations. Defendants identifies the total number of work weeks, but relies upon an assumption that all class members did not receive at least one rest break every week for the entirety of their employment. Although Defendants "may draw reasonable inferences from the complaint and from the evidence submitted in connection with the removal of the complaint . . . [Defendants are] not permitted to pull violation rates out of thin air." Sanchez v. WaveDivision Holdings, LLC, 18-CV-02439, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018) (remanding case and finding defendant's declaration was "missing the most important information for estimating the amount in controversy: the likely violation rates"); Garibay v. Archstone Communities, LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order remanding case based on failure to show $5 million amount in controversy, finding the defendant improperly "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion.").

For this reason, the Court hereby orders Defendants to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy requirement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5185 PA (MAAx) | Date | August 4, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

for CAFA jurisdiction has been met. Defendants' response to this Order to Show Cause shall be filed no later than August 15, 2022.

    IT IS SO ORDERED.