# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-05185 PA (MAAx) | Date | August 19, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:              Attorneys Present for Defendant:

None                                         None

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendants J.B. Hunt Transport Services, Inc. and J.B. Hunt Transport, Inc. ("Defendants"). (Notice of Removal, Docket No. 1.) Defendants allege that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.) On August 4, 2022, the Court issued Defendants an order to show cause why the case should not be remanded for lack of subject matter jurisdiction, due to not meeting the amount in controversy requirement for CAFA. (Docket No. 20.) On August 15, 2022, Defendants filed a Response. (Response, Docket No. 22.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-05185 PA (MAAx) | Date | August 19, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

Defendants contend that the allegations in Plaintiff's Complaint, combined with extrinsic evidence, put into controversy an amount in excess of $5 million as required to support this Court's jurisdiction under CAFA. Using business records, Defendants supply the following values for use in their calculations: (1) on average, Defendants non-exempt employee drivers worked five shifts per week; (2) those drivers worked a minimum of 3.5 hours per shift; (3) in 2016, those drivers worked 34,222 weeks at a minimum wage of $10.00 per hour; (4) in 2017, those drivers worked 89,983 weeks at a minimum wage of $10.50 per hour; (5) in 2018, those drivers worked 100,794 weeks at a minimum wage of $11.00 per hour; (6) in 2019, those drivers worked 127,163 weeks at a minimum wage of $12.00 per hour; (7) in 2020, those drivers worked 121,214 weeks at a minimum wage of $13.00 per hour; (8) in 2021, those drivers worked 138,734 weeks at a minimum wage of $14.00 per hour; (9) so far in 2022, those drivers have worked 81,510 weeks at a minimum wage of $15.00 per hour; and (10) at least 2,141 non-exempt employee drivers received pay settlements and pay slips for 41 weeks or more in the four-year period preceding the filing of the Complaint. (See Response at 5-8; Decl. of Eric Lemmon, Docket No. 22-1.)

Defendants couple those figures with several assumptions to reach the amount in controversy. As to Plaintiff's rest break claim, Defendants assume that at least one rest break per shift was unpaid for all putative class members for the entirety of the class period. (Response at 5-6.) As a result, Defendants argue that at least $7,219,782.92 is in controversy, which is doubled to $14,439,566.00 when liquidated damages are considered. (Id.) Defendants also suggest that even if the Court considers only half the weeks worked, but leaving all other assumptions the same, the amount in controversy still totals $3,607,906.05, or $7,215,812 when adding liquidated damages. (Id. at 6-7.) As to Plaintiff's inaccurate wage statements claim, Defendants assume that every wage statement issued contains inaccuracies. (Id. at 7-8.) As a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-05185 PA (MAAx) | Date | August 19, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

result, each of the 2,141 putative class members would be entitled to the maximum $4,000 penalty for inaccurate wage statements, putting $8,564,000.00 into controversy.  (Id.)

Upon review of the pleadings and evidence submitted, Defendants offer no reason "grounded in real evidence" as to why these violation rates for Plaintiff's claims are appropriate. See Ibarra, 775 F.3d at 1197, 1199 (stating that "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," and that "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them"); see also Akana v. Estee Lauder, Inc., No. LA CV19-00806 JAK (PLAx), 2019 WL 2225231, at *6 (C.D. Cal. May 23, 2019) ("[S]ome factual basis is required once the amount in controversy has been contested.  As in Ibarra, Defendants 'relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence,' despite having the burden of proof as to the amount in controversy."); Weston v. Helmerich & Payne Int'l Drilling Co., No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant is not obligated to prove Plaintiff's case . . . [but] there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers . . . or, at a minimum, explaining why Defendant's methodology and assumptions make sense."). Here, Defendants provide no evidence, outside of the allegations of the Complaint and the PAGA Action, to support the assumed rest break violation rates.  (See Notice of Removal at 4 ("The jurisdictional threshold is met by virtue of the Complaint's allegations of damages for failure to pay minimum wage 'each and every day' for rest breaks alone.  Specifically, Plaintiff alleges that 'Defendants [] failed to compensate . . . , each and every day, at least minimum wage for . . . rest breaks.'  [Complaint] ¶ 30."); Response at 4-5 (same).)  The same is true for Defendants' assumption that every wage statement contained inaccuracies.  (See Response at 7 ("Plaintiff alleges that 'Defendants . . . failed to accurately record all time worked and failed to list total hours worked' on . . . wage statements.  Compl., ¶ 69.  And 'Defendants have failed to accurately record . . . all wages owed per pay period.'  Id., ¶ 70.").)  Defendants provide no evidence making it reasonable to assume that these violations happened "each and every day" or on every wage statement to every putative class member for the nearly six-year class period.

The Court also notes that Defendants provide a reduced violation rate for the rest break claim, replacing a 100% violation rate with a 50% violation rate.  That assumption, also without any evidentiary support, further reveals the speculative nature of Defendants' argument.  See Koreisz v. On Q Fin'l Inc., No. CV 18-8662-MWF (SSx), 2018 WL 6567694, at *3 (C.D. Cal. Dec. 12, 2018) ("Perhaps as a tacit acknowledgment that using 100% would not be reasonable [given a 'pattern and practice' allegation,] On Q Financial assumes a 50% violation rate.  But neither of Ms. Spertina's declarations nor On Q Financial's Opposition offers any reason 'grounded in real evidence' as to why a 50% violation rate is appropriate.").  Without any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-05185 PA (MAAx) | Date | August 19, 2022 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc., et al. | | |

support grounding a 100% violation rate or a 50% violation rate, Defendants fail to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million.

For the reasons stated above, Defendant have failed to satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 as required for federal jurisdiction under CAFA.  This action is hereby remanded to the Superior Court of California, County of Los Angeles, Case No. 20STCV28722, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).[1]

IT IS SO ORDERED.

---

[1]    Because the Court remands this action, Plaintiff's Motion to Remand (Docket No. 21) is denied as moot.