UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** #34 (6/9)

| Case No. | CV 22-05185 PSG (JDEx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order DENYING Plaintiff's motion to remand.

  Before the Court is a motion to remand filed by Plaintiff David Townsend. *See generally* Dkt. # 34. Defendant J.B. Hunt Transport Services, Inc. opposed. *See generally* Dkt. # 35. Plaintiff replied. *See generally* Dkt. # 36. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** Plaintiff's motion to remand.

  Removal is governed by 28 U.S.C. § 1446 and provides two thirty-day windows for removing a case. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face," and "[t]he second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)). The grounds for removal must be affirmatively revealed in the pleading; an "indeterminate" pleading, which on its face does not clearly show the jurisdictional elements, is insufficient. *See id.* "[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.*

  This is Plaintiff's second motion to remand, and it borders on frivolous. Plaintiff argues that because the grounds for removal are evident on the face of the complaint, and Defendant did not remove within the time allowed under 28 U.S.C. § 1446, Defendant's removal is untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-05185 PSG (JDEx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | David Townsend v. J.B. Hunt Transport Services Inc. et al | | |

*See generally* Dkt. # 34.  But that argument is not well-taken.  Plaintiff's complaint is blatantly "indeterminate," as it does not show on its face the CAFA jurisdictional requirements.  *See generally* Dkt. # 1, Ex. A.  In fact, the complaint explicitly states that the amount in controversy is under the $5 million CAFA threshold and provides no information for calculating the alleged damages for class members.  *See id.* 1; *see also Kuxhausen*, 707 F.3d at 1141 ("[B]ecause nothing in [the] complaint 'indicated that the amount demanded by each putative class member exceeded $25,000,' it fell short of triggering the removal clock under Section 1446(b)." (quoting *Carvalho*, 629 F.3d at 886 (cleaned up))).  Indeed, Plaintiff took the opposite position in his first motion to remand, arguing that because the complaint does not on its face show the CAFA requirements, Defendant could not establish CAFA jurisdiction.  *See* Dkt. # 21, 8–9.  And Plaintiff did not provide Defendant with any amended pleading that affirmatively revealed grounds for removal.  The removal clock under Section 1446 was therefore not triggered, and Defendant did not violate any removal requirements.  The Court will thus follow the Ninth Circuit's mandate to exercise CAFA jurisdiction over this case.  *See* Dkt. # 28.

    The motion to remand is **DENIED**.

    **IT IS SO ORDERED.**